UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA DENISE SILVA,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 15-4041-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 29, 2015, Cynthia Denise Silva ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on September 1, 2015. On December 15, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 48-year-old female who applied for Social Security Disability Insurance benefits and for Supplemental Security Income benefits on August 24, 2012, alleging disability beginning November 1, 2008. (AR 12.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. (AR 14.)

Plaintiff's claims were denied initially on February 19, 2013. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Evelyn M. Gunn on September 6, 2013, in West Los Angeles, California. (AR 12.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 12.) Vocational expert ("VE") Gail L. Maron also appeared and testified at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on October 17, 2013. (AR 12-23.) The Appeals Council denied review on April 28, 2015. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in the assessment of Plaintiff's mental residual functional capacity.
2. Whether the ALJ erred in the credibility findings.
3. Whether the ALJ erred in relying on the vocational expert's response to an incomplete hypothetical question.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: affective mood disorder; borderline personality disorder; and a history of substance abuse. (AR 14-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-18.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> Claimant can understand and remember simple instructions, in order to complete simple, repetitive tasks; she would work better with things than with people; and she is precluded from interaction with the public.

(AR 18-21.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 19.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a bookkeeper, data entry, and as a cash supervisor. (AR 21.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of machine cleaner, laundry worker and hospital cleaner. (AR 21-22.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 22-23.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's alleged subjective symptoms. The ALJ's RFC is supported by substantial evidence.

The ALJ's hypothetical question to the VE was not incomplete. It contains all the limitations supported by substantial evidence and set forth in the ALJ's RFC.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

I. **THE ALJ'S MENTAL RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

Plaintiff contends that the ALJ erred in rejecting the opinion of her treating psychiatrist, Dr. Ashima Sharma. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v.

6

Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

The ALJ found that Plaintiff has the medically determinable severe impairments of affective mood disorder, borderline personality disorder, and a history of substance abuse.  (AR 14.)  She has not worked since 2006 (AR 18) and alleges she has not been able to function at all since April 2012.  (AR 19.)  The ALJ, however, assessed Plaintiff with a residual functional capacity assessment for a full range of work with some mental limitations, including a limitation to simple, repetitive tasks.  (AR 18.)

Critical to Plaintiff's case is the opinion of Dr. Sharma, her treating psychiatrist, who in October 2012 diagnosed bipolar disorder, ADHD, anxiety disorder, and amphetamine dependence in partial remission.  (AR 198.)  Dr. Sharma documented that Plaintiff was on and off medication and had poor compliance with treatment.  (AR 15, 19, 193-194.)  Her case at Child and Family Guidance Center ("CFGC") had been closed repeatedly due to poor attendance.  (AR 15.)  There were relapses of substance abuse in 2012.  (AR 15, 19.)  Dr. Sharma and CFGC reported global assessment of functioning ("GAF") scores in the 30-40 range[1], which indicates "serious symptoms."  Garrison, 759 F.3d at 1002 n.4.  As the ALJ

---

[1]   A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning.  Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).  Although GAF scores, standing alone, do not control determinations of whether a person's mental impairments are disabling, they may be a "useful measurement."  Garrison v. Colvin, 795 F.3d 995, 1002 n.4 (9th Cir. 2014); see also Vasquez v. Astrue, 572 F.3d 586, 594-96 (9th Cir. 2009) (citing GAF scores

7

noted, however, some of these assessments are unsigned and undated or occur during times of substance abuse relapse. (AR 15, 154, 166-167, 172, 173.) On August 29, 2013, Dr. Sharma submitted a check box medical source statement indicating extreme limitations in the ability to carry out even simple instructions, to interact appropriately with the public, supervisors or co-workers and to respond appropriately to work pressures and change in routine in a work setting. (AR 230-231.)

The ALJ discounted the opinion of Dr. Sharma for specific, legitimate reasons supported by substantial evidence. First, the ALJ gave little weight to Dr. Sharma's check box extreme limitation assessments because they are not documented in her clinical notes. (AR 21.) An ALJ may reject a treating physician's opinion to the extent it is not supported by his or her treatment notes and consists of check box opinions without explanation. Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Nowhere in Dr. Sharma's treatment notes do there appear any extreme RFC assessments. The ALJ, moreover, found that Dr. Sharma's July 17, 2013, assessment did not include a function by function analysis. (AR 20.) Plaintiff responds by asserting that Dr. Sharma's August 29, 2013, check box medical source statement provides such an analysis. The ALJ, however, properly gave Dr. Sharma's statement little weight because it was unsupported in her clinical notes. (AR 20-21.) Plaintiff also contends that Dr. Sharma took into account Plaintiff's admissions of substance relapses and treatment compliance (AR 20) but her August 29, 2013, check box medical source statement contains no assessment of whether Plaintiff's functioning would improve with treatment compliance. Plaintiff also argues that the ALJ should have recontacted Dr. Sharma, but the ALJ's duty to develop the record only is triggered when there is ambiguous evidence or the record is inadequate to permit a proper evaluation of disability. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the medical treatment records and Dr. Kapitanski's evaluation were sufficient to reach a decision.

---

in analyzing mental impairments).

8

Second, the ALJ found that Dr. Sharma's opinions are unsupported by the clinical evidence. An ALJ may reject a physician's opinion that is contradicted by other assessments of a claimant's medical condition. Batson, 359 F.3d at 1195. Here, the CFGC records do not support Dr. Sharma's extreme limitations. (AR 14-15, 21.) Also, the ALJ relied on the January 30, 2013, opinion of consulting psychiatrist Dr. Nina Kapitanski who diagnosed mild limitations in social functioning, attention and concentration, no difficulty in sustaining work without special supervision, mild limitations in sustaining work without special supervision, mild limitations accepting instructions from supervisors and interacting with others, and moderate limitations in completing a normal work day and handling the stresses of work. (AR 20.) She also assessed a GAF score of 60, which indicates only moderate impairment in functioning. Garrison, 759 F.3d at 1002 n.4. She indicated Plaintiff's limitations would improve with therapy and abstinence from substance abuse. (AR 205-206.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff asserts that the ALJ failed to account for Dr. Kapitanski's moderate limitations, but the ALJ's RFC adopts the same limitations to simple, repetitive tasks with no public interaction as opined by Dr. Kapitanski. (AR 205.)

Third, the ALJ found Dr. Sharma's extreme limitations to be inconsistent with Claimant's own admissions that she can take public transportation by herself, run errands, shop for groceries, do chores, maintain independent self-care and functioning, take care of two children and manage her money. (AR 21, 19.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216.

Fourth, the ALJ discounted Dr. Sharma's opinions because they rely on Claimant's self-reports which have been discounted as discussed below. (AR 20, 21.) A treating physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1149. Plaintiff contends the ALJ's finding is not supported by the record but one need only look at Dr. Sharma's October 17, 2012 Psychiatric Evaluation which makes repeated references to Plaintiff's self-reports. (AR 193-195.)

9

Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001).

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOMS.

Plaintiff contends that the ALJ erred in discounting her subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 19.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and

limiting effects of her alleged symptoms were "not entirely credible." (AR 19.) Because the ALJ did not make any findings of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are not substantiated by the clinical evidence. (AR 19-21.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found that the extreme limitations asserted by Plaintiff do not appear in the clinical notes of treating medical providers. (AR 21.)

Second, Plaintiff admitted to improvement when compliant with medication and therapy. (AR 19.) Impairments that can be controlled effectively with treatment are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ cited evidence in the record of poor compliance with medication and with clinical treatment. (AR 19, 15.) She refused to cooperate with sobriety programs. (AR 20.) Her case was repeatedly closed due to poor attendance and she always had poor compliance with medication. (AR 15.) The ALJ made a specific finding that Plaintiff's noncompliance was not caused by her mental impairments. (AR 19.) Thus, the ALJ properly found that Plaintiff's repeated noncompliance with treatment is "a significant and adverse credibility factor." (AR 19.) An ALJ may discount the subjective symptom allegations of a claimant who fails or refuses to follow a prescribed treatment regimen. Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989.)

Fourth, the ALJ found that Plaintiff's admitted daily activities are inconsistent with the extreme limitations she asserts (AR 21), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Despite her claims she cannot function at all, her functioning remains independent. (AR 17.) She can take public transportation, shop for groceries, run errands, do chores, and take care of two children. (AR 17, 21.)

Plaintiff disputes the ALJ's adverse credibility determination, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ'S HYPOTHETICAL QUESTION TO THE VE WAS NOT INCOMPLETE.

Plaintiff contends that the ALJ improperly relied on the VE's response to an incomplete hypothetical question that did not include the work-related mental limitations of Dr. Sharma and Dr. Kapitanski and the limitations asserted by Plaintiff at the hearing. The ALJ, however, had no obligation to include limitations that Plaintiff claimed but failed to prove. Rollins, 261 F.3d at 863. See also Magallanes, 881 F.2d at 756-67 (proper for ALJ to limit a hypothetical to limitations supported by substantial evidence). Here, the ALJ included in her hypothetical all of the limitations imposed by the RFC she assessed. These limitations included those assessed by Dr. Kapitanski. She did not include, and had no obligation to include, the extreme limitations asserted by Dr. Sharma and Plaintiff that the ALJ properly rejected because they were unsupported by substantial evidence. Because the ALJ's hypothetical contained all the limitations the ALJ found credible and supported by substantial evidence in the record, the ALJ's reliance on the testimony given by the VE in response to the hypothetical question posed was entirely proper. Bayliss, 427 F.3d at 1217.

\* \* \*

The ALJ's nondisability determination was supported by substantial evidence and free of legal error.

///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 10, 2015

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE